UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

GREGORY SOBIN,                           )
                                         )
              Petitioner,                  )
                                         )
vs.                                      )   No. 2:12-cv-00242-WTL-WGH
                                         )
D. BROWN,                                )
                                         )
             Respondent.                  )

**Entry and Order Dismissing Action**

**I.**

**A.**

An investigation at the Wabash Valley Correctional Facility revealed that prisoner Gregory Sobin was attempting to defraud three companies--Nike, Harper Collins Publishers, and Paslode, ITW—and the State of Indiana. These efforts consisted of his authority three letters falsely claiming that he was owed money or other action because of various circumstances—a defective product in the case of Nike, a replacement tattoo book in the case of Harper Collins Publishers, and returned defective roofing nail guns in the case of Paslode, ITW. Another portion of the charge rested on Sobin writing a letter falsely claiming that items of personal property had been lost by the prison. All of these scenarios were false. Sobin had bundled all these letters in an envelope addressed to his father with the purpose of having his father mail them from a location other than the prison.

Because of this, he was charged in No. WVS 12-02-0004 with conspiracy/attempting to commit any Class A offense/violation of criminal law.

On February 27, 2012, a hearing was conducted, evidence was considered, and Sobin was found guilty and sanctioned. Contending that the proceeding is tainted with constitutional infirmity, Sobin brought this action for a writ of habeas corpus. Specifically, Sobin contends that he did not receive a hearing in front of an impartial decision maker, that he was denied the right to present exculpatory evidence, and that there was insufficient evidence to support the guilty determination. His contention that the respondent has not defended the validity of No. WVS 12-02-0004 is incorrect.

## B.

Sobin is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Sobin was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Sobin received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Sobin was given the opportunity to appear before an impartial decision-maker and make a statement concerning the

charge, (2) the decision-maker issued a sufficient statement of the findings, and (3) the decision-maker issued a written reason for his decision and for the sanctions imposed.

Sobin's arguments that he was denied due process are either refuted by the expanded record or based on assertions which do not entitle him to relief.

- A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Wolff,* at 570–71; *see also Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam); *Merritt v. De Los Santos,* 721 F.2d 598, 601 (7th Cir. 1983) (per curiam); *Redding v. Fairman,* 717 F.2d 1105, 1112, 1116 (7th Cir. 1983), *cert. denied,* 465 U.S. 1025 (1984). Sobin's first claim is that he was denied an impartial decisionmaker because the hearing officer said because his superior officer wrote the conduct report there was no reason for a hearing because Sobin was guilty. Federal courts employ an initial presumption that disciple hearing officers properly discharge their duties. *See Bracy v. Gramley,* 520 U.S. 899, 909 (1997). This presumption can be overcome with "clear evidence to the contrary." *See United States v. Armstrong,* 517 U.S. 456, 464 (1996). Sobin provides no proof to support the story of the hearing officer's alleged statement. He has failed to rebut the presumption that the hearing officer in this case acted appropriately. *See, e.g., Bracy,* 520 U.S. at 909 (finding the presumption "soundly rebutted" where petitioner presented evidence to support his claim that the decision maker was biased in his particular case). He is not entitled to relief as to this first claim.

- Sobin's second claim is that he was denied due process because he was not provided with requested exculpatory evidence. Specifically, Sobin claims he did not receive the large envelope in which it was alleged he was attempting to mail the prohibited letters. However, the evidence shows otherwise. Casework Manager Beverly Gilmore was notified by personnel in the mail room of the irregularity. She inspected the materials, confiscated some of them (issuing a confiscation report), issued the conduct report, and returned the large envelope to Sobin. Staff thereafter did not have the large envelope addressed to Sobin's father. If that envelope was exculpatory, it was Sobin's responsibility to bring the envelope to the disciplinary hearing. This claim is meritless because it is based on an argument contrary to the expanded record.

- As to Sobin's third claim, the evidence favorable to the hearing officer's decision has already been described. The "some evidence" standard of *Hill* is satisfied if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56. Stated differently, "[t]his standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced.'" *Id.* at 455 (quoting *United States ex rel. Vajtauer v. Comm'r of Immigration,* 273 U.S. 103, 106 (1927)). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "[O]nly evidence that was presented to the [hearing officer] is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992). Sobin states there was no evidence supporting his guilt, but the expanded record shows otherwise. The reporting officer saw the large envelope and recited the person to whom it was addressed. The contents of the large envelope support an inference that Sobin was in the process of attempting to defraud the intended recipients of his letters by obtaining merchandise or funds to which he was not entitled. The evidence was sufficient.

*Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."); *see also Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Sobin to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. All other motions are **denied as moot.**

## II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: __10/10/2013__

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Gregory D. Sobin
113650
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

All electronically registered counsel